**STATE v MOHERMAN**

Ohio Appeals, 5th Dist, Ashland Co

No 287. Decided March 16, 1939

**OPINION**

By LEMERT, J.

This cause was brought in the Court of Common Pleas of Ashland County, Ohio, on an indictment charging the

defendant with intentionally pointing and aiming a firearm at or toward one Robert E. Latimer and Carl F. Sturts, in violation of §12422, GC, and was found guilty by the jury of assault, in violation of §12423, GC.

Sec. 12422 provides:

"Whoever intentionally, and without malice, points or aims a firearm at or toward a person or discharges a firearm so pointed or aimed, or maims or injures a person by the discharge of a firearm so pointed or aimed, shall be fined not more than one hundred dollars, or imprisoned not more than one year or both. This section shall not extend to the case when firearms are used in self-defense, or in the discharge of official duty, or in case of justifiable homicide."

The jury in this case found the defendant not guilty of the offense of pointing firearms, as provided in §12422, GC, and as charged in the indictment, but found him guilty of assault under §12423, which provides:

"Whoever unlawfully assaults or threatens another in a menacing manner, or unlawfully strikes or wounds another, shall be fined not more than two hundred dollars or imprisoned not more than six months, or both."

So that it will be noted that the defendant was not convicted under the charge contained in the indictment but was convicted of a separate and distinct offense, provided for under an entirely different statute. It is to be noted that while these two sections just quoted are in the same chapter and have to do with offenses against the person, yet the penalty for each is entirely different. The defendant in the indictment was charged with the doing of a certain act without malice and found not guilty, but was convicted of a crime charging malice or the doing of a certain act in a menacing manner.

We are of the opinion that the charge of assault was not contained in the indictment upon which the defendant was tried and that the court in charging the jury in this case upon the offense of assault was in error.

The language used in §12423 is: "Whoever unlawfully assaults or threatens another in a menacing manner", etc. We are of the belief that a "menacing" manner means the show of an intention to inflict evil—a threat—an indication of probable evil or hurt to come. Malice in law means the state of mind manifested by an intent to commit an unlawful act, or, in other words, it means ill will, spite, grudge, envy, and hatred.

The essence of the crime charged in this indictment charged that a certain thing was done without malice, and as a result of the charge to the jury and the jury's verdict defendant is found guilty of a crime with malice. The verdict is inconsistent, and the court should not have charged the jury with reference to "assault" in view of the two separate and distinct statutes just quoted. We are of the opinion that there were no different degrees included within the offense as charged. The elements of the offense of "Assault" are not contained in that of the crime defendant was charged with. "Assault" is not a lesser or inferior offense than was sought to be charged. The penalty for "Assault" under §12423, GC, is "shall be fined not more than two hundred dollars or imprisoned not more than six months, or both"; whereas, under §12422, GC, the offense charged in the indictment, the penalty is, "shall be fined not more than one hundred dollars or imprisoned not more than one year, or both."

So that we are of the opinion that the defendant was unlawfully convicted and the verdict is set aside and held for naught and the judgment of the Common Pleas Court is reversed and cause remanded. Exceptions.

SHERICK, PJ, and MONTGOMERY, J., concur.